FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:23-CR-00076-MKD |
|---|---|
| Plaintiff, | ORDER FOLLOWING ARRAIGNMENT ON INFORMATION |
| v. | |
| GEOFFREY WAYNE REYNOLDS, | |
| Defendant. | |

On Wednesday, September 27, 2023, Defendant was arraigned on the Information, ECF No. 1. Defendant was represented by Nicolas V. Vieth. Assistant United States Attorney Dan Fruchter appeared on behalf of the United States.

Defendant was advised of and acknowledged Defendant's rights.

Defendant pled not guilty.

The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case. http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

ORDER FOLLOWING ARRAIGNMENT ON INFORMATION - 1

1   Under federal law, including Rule 5(f) of the Federal Rules of Criminal
2   Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions
3   from the Supreme Court and the Ninth Circuit interpreting *Brady*, the United States
4   has a continuing obligation to produce all information or evidence known to the
5   United States relating to guilt or punishment that might reasonably be considered
6   favorable to Defendant's case, even if the evidence is not admissible so long as it is
7   reasonably likely to lead to admissible evidence. *See United States v. Price*, 566
8   F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the United
9   States to produce to Defendant in a timely manner all such information or
10  evidence.

11  Information or evidence may be favorable to a defendant's case if it either
12  may help bolster the defendant's case or impeach a prosecutor's witness or other
13  government evidence. If doubt exists, it should be resolved in favor of Defendant
14  with full disclosure being made.

15  If the United States believes that a required disclosure would compromise
16  witness safety, victim rights, national security, a sensitive law-enforcement
17  technique, or any other substantial government interest, the United States may
18  apply to the Court for a modification of the requirements of this Disclosure Order,
19  which may include *in camera* review and/or withholding or subjecting to a
20  protective order all or part of the information.

ORDER FOLLOWING ARRAIGNMENT ON INFORMATION - 2

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the United States' obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the United States' obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

DATED September 27, 2023.

s/*Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER FOLLOWING ARRAIGNMENT ON INFORMATION - 3